UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HAMEEDULLAH FNU,

        Plaintiff,

    v.

THE MISSION ESSENTIAL GROUP,
LLC,

        Defendant.

Civil Action 2:25-cv-1345
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

ORDER and REPORT AND RECOMMENDATION

Plaintiff, Hameedullah Fnu, a California resident proceeding without the assistance of counsel, sues his former employer, Defendant The Mission Essential Group, LLC, over injuries that Plaintiff sustained while employed by Defendant in Afghanistan during 2007–2014. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 8.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF Nos. 1, 7) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action

**WITHOUT PREJUDICE** pursuant to § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

## I. BACKGROUND

Plaintiff commenced this action on October 1, 2025, by filing a Complaint and a motion for leave to proceed *in forma pauperis* in the District Court for the Northern District of California. (ECF Nos. 1, 3.) The Complaint alleges that while working as a translator from 2007–2014 in Afghanistan for Defendant, a company headquartered in New Albany, Ohio, Plaintiff was injured in an unspecified manner. (ECF No. 1.) Plaintiff sought damages from Defendant to cover his medical and living expenses, as he was unable to work after 2014 due to his injuries. (*Id.*)

The California court denied Plaintiff's motion for leave to proceed *in forma pauperis* due to insufficient and inconsistent financial information, and also noted that Plaintiff's Complaint failed to state a claim and lacked any allegations establishing the Northern District of California as an appropriate venue. (ECF No. 5.) However, the California Court also provided Plaintiff an opportunity to supplement both his *in forma pauperis* motion and his Complaint. (*Id.*) Plaintiff did so on November 13, 2025, providing additional financial information and adding allegations that U.S. soldiers and insurgents kicked him in the head and back, stripped him of his clothing, and insulted him while he worked as an interpreter at multiple U.S. military bases in Afghanistan. (ECF Nos. 7–8.) Plaintiff did not, however, provide any facts tying the litigation to California, and so the California court transferred the action to this District, where Defendant is located, on November 20, 2025. (ECF No. 9.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on

2

which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of some of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## III.     ANALYSIS

Plaintiff's Complaint must be dismissed because Plaintiff's Complaint as amended does not establish this Court's jurisdiction over his claims. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. For a federal court to have diversity jurisdiction pursuant to § 1332(a), complete diversity of citizenship must exist (which means that each plaintiff must be a citizen of a different state than each defendant) and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life*

3

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "detailed factual allegations," a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

Here, although Plaintiff checked the box for "Federal Question" jurisdiction on his Complaint, Plaintiff has not identified any claims arising under federal laws or the United States Constitution to establish subject-matter jurisdiction under 28 U.S.C. § 1331. In essence, Plaintiff alleges that Defendant, his employer, was responsible for his safety while on the job, and that Defendant failed to meet that responsibility. These allegations sound in negligence, which is a state-law claim. *See Losey v. N. Am. Philips Consumer Elecs. Corp.*, 792 F.2d 58, 62 (6th Cir. 1986) ("The rights and duties at issue here, regarding the right to recover damages for negligence, are creatures of state law.").

Nor can Plaintiff rely on diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction. Plaintiff does not allege that the parties are citizens of different states. Presumably Plaintiff is a citizen of California, where he alleges he has resided since 2014, but there are no allegations establishing Defendant's citizenship. Although Defendant has a principal place of business in Ohio, Defendant is a limited liability company, and the place of an LLC's organization and principal place of business are irrelevant to establishing citizenship under § 1332. Instead, Plaintiff must identify the citizenship of each of the LLC's members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). The Court lacks any information concerning the citizenship of Defendant's members, and therefore Plaintiff has not established that the parties are citizens of different states.

In summary, because Plaintiff has not identified any federal statutory or constitutional provision under which his claims arise, and because Plaintiff has failed to plausibly allege facts upon which this Court could rely to conclude that diversity of citizenship is satisfied, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject matter jurisdiction **WITHOUT PREJUDICE** to filing the claims in state court.

The undersigned notes that, even if Plaintiff were to amend his Complaint a second time to establish diversity jurisdiction, he would still have failed to state a claim for negligence against Defendant. This is because negligence claims for bodily injury in Ohio carry a limitations period of two years. *See* Ohio Rev. Code § 23015.10(A) ("[A]n action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues."). Because Plaintiff's injuries occurred no later than 2014 when he stopped working for Defendant and emigrated to California, and because Plaintiff did not commence this action until eleven years later in 2025, Plaintiff's claims are untimely would be subject to dismissal on this separate basis.

## IV. DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 8) is **GRANTED**. In addition, it is **RECOMMENDED** that the Court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE